STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE L. HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
SUSAN KNIGHT (CABN 209013)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5045
   FAX: (408) 535-5066
   Email: jeff.nedrow@usdoj.gov
          susan.knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>LIANG CHEN,<br>DONALD OLGADO,<br>WEI-YUNG HSU, and<br>ROBERT EWALD,<br><br>    Defendants. | CASE NO.: CR 17-00603-BLF<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 2: MOTION TO ADMIT SELF-AUTHENTICATING BUSINESS RECORDS FROM INTERNET SERVICE PROVIDERS RELATING TO DEFENDANTS' EMAIL ACCOUNTS<br><br>Pretrial Conference: June 24, 2021<br>Time: 1:30 p.m.<br>Court:  The Hon. Beth L. Freeman |

I.    **THE INDICTMENT**

Liang Chen, Donald Olgado, Wei-Hung Hsu, and Robert Ewald (hereafter, "Defendants") are charged in Count One with conspiracy to commit theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(5), and in Counts Two through Twelve with theft of trade secrets and aiding and abetting the theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(3) & 2.  The government seeks to prove at trial that Defendants, while employees of Applied Materials, Inc. (Applied), conspired in 2012 to steal trade secrets from Applied related to Applied's development and use of Metal Organic Chemical Vapor Deposition ("MOCVD") technology, a complex manufacturing process used to make semiconductor

1

wafers. The semiconductor wafers manufactured through the technology were used in lighting and electronic devices, such as flat screen televisions and smart phones. In addition to the conspiracy, the Government alleges that the Defendants knowingly received and possessed eleven particular Applied trade secrets in the form of CAD drawings containing information associated with the MOCVD technology, with the Defendants knowing the trade secrets contained in the CAD drawings were stolen and intending and knowing that the theft of the CAD drawings would injure Applied.

Defendants used their personal email accounts to communicate about their plans for form a competing company, including discussing the downloading of Applied's confidential material from a confidential database, and obtaining funding from venture capitalists.

## II.   MOTION IN LIMINE NO. 2:  The Court Should Admit into Evidence Self-Authenticating Subscriber Records for Defendants' Email Accounts.

The government intends to introduce at trial certain business records pursuant to Federal Rules of Evidence 803(6) and 902(11). These rules provide that business records may be admitted into evidence without a live witness if they are accompanied by a written declaration from a custodian of the records certifying that the records (1) were made at or near the time by—or from information transmitted by—someone with knowledge; (2) were kept in the course of a regularly conducted activity of a business, organization; and (3) that making the record was a regular practice of that activity. *See* Fed. R. Evid. 803(6), 902(11). A party intending to offer certified business records into evidence must provide written notice of that intention to all adverse parties, and "must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." *See* Fed. R. Evid. 902(11).

Custodian of records declarations may be utilized by the court to provide a foundation for the admission in evidence of business records without creating any issue under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). First, the declarations need not be admitted in evidence themselves, because their function is merely to provide a basis for the court to make a decision whether to admit the proffered evidence, such business records. Rule 104(b) of the Federal Rules of Evidence permits the court to rely on inadmissible evidence when making a preliminary ruling as to whether evidence is admissible. Furthermore, the Ninth Circuit has found that certifications of custodians of records are nontestimonial matters that are not covered by Crawford. The court in United

*States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006), cert denied, 549 U.S. 818 (2006) rejected a Crawford challenge to the admission of foreign bank records for which a foundation was provided by means of a certificate of authenticity. *See also United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005). Therefore, custodian of records declarations may be used in the instant case without creating any issue under *Crawford*.

The government gives notice that it seeks to admit the following Internet Service Provider records:

| Company | Description | Bates Numbers |
| --- | --- | --- |
| AT&T | Subscriber records for defendant Wei-Yung Hsu's email account "hsu1020@sbcglobal.net" created on October 2, 2004 | AMAT-002420-002425 |
| Google | Subscriber records for defendant Donald Olgado's email account "donald831@gmail.com" created on January 29, 2006.<br><br>Subscriber records for defendant Donald Olgado's email account "mrbreakit831@gmail.com" created on September 29, 2008.<br><br>Subscriber records for defendant Liang Chen's email account "liangchen15155@gmail.com" created on December 21, 2011.<br><br>Subscriber records for defendant Robert Ewald's email account "rewald79@gmail.com" created on September 9, 2012. | AMAT-002486- 002505 |
| Yahoo! | Subscriber records for defendant Liang Chen's email account "liang_y_Chen@yahoo.com" created on December 5, 1997.<br><br>Subscriber records for defendant Robert Ewald's email account "rewald20@yahoo.com" created on October 17, 2011. | AMAT-002433-002437 |

The United States received these records in response to a grand jury subpoena and produced them to the defense on February 15, 2018. A Certification of Authenticity from Google was produced on June 7, 2021. All of the records are accompanied by declarations by the custodian of record for each provider and are records of regularly conducted activity pursuant to Federal Rule of Evidence 803(6)

and 902(11). Accordingly, the government respectfully requests that the Court admit these records. The government reserves the right to seek admission of additional certified business records.

### III. CONCLUSION

For all of the foregoing reasons, the government respectfully requests that the Court issue a ruling prior to trial on the motion set forth above or, in the alternative, at trial if and when the issues identified arise. The government also reserves the right to supplement this motion *in limine* if later presented with additional issues requiring the Court's consideration.

DATED: June 10, 2021    Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

/s/
JEFFREY NEDROW
SUSAN KNIGHT
Assistant United States Attorneys